SUMMARY ORDER

Petitioner Gentian Hoxhaj, a native and citizen of Albania, seeks review of an October 28, 2008 order of the BIA affirming the August 14, 2007 decision of Immigration Judge (“IJ”) Douglas B. Schoppert denying Hoxhaj’s application for asylum, *438 withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Gentian Hoxhaj, No. A099 429 163 (B.I.A. Oct. 28, 2008)’ aff'g No. A099 429 163 (Immig. Ct. N.Y. City Aug. 14, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
As an initial matter, Hoxhaj argues that this Court should review the IJ’s decision because the BIA “adopted the same bases” as the IJ in reaching its credibility determination. This argument is unavailing, as it ignores the fact that the BIA explicitly affirmed only three of the five credibility findings made by the IJ. Consequently, we conclude that the BIA adopted only those findings mentioned in its decision, and review the IJ’s decision as modified by the BIA. See Dong Gao v. B.I.A., 482 F.3d 122, 125 (2d Cir.2007).
We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); see, e.g., Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We review ele novo questions of law and the application of law to undisputed fact. See, e.g., Passi v. Mukasey, 535 F.3d 98, 101 (2d Cir.2008).
Substantial evidence supports the IJ’s determination that Hoxhaj was not credible. As the agency properly found, Hoxhaj’s testimony that he was attacked in September 2004 by Socialist Party militants was inconsistent with the letter from Nezaj, which states that the incident occurred in October 2004 and was perpetrated by Democratic Party supporters. See Surinder Singh v. BIA, 438 F.3d 145, 148 (2d Cir.2006) (finding that a credibility determination may be partly based on an inconsistency between an applicant’s testimony and an affidavit submitted in support of his application).
Additionally, as the agency properly found, while Hoxhaj testified that a gun was pointed at his head and that he was struck with a gun during the September 2004 incident, he failed to include those assertions in either of his asylum applications. While Hoxhaj was provided ample opportunity to explain this omission, he was unable to do so. Cf. Ming Shi Xue v. BIA, 439 F.3d 111, 125 (2d Cir.2006) (holding that “an IJ may not rest an adverse credibility finding on non-dramatic putative contradictions or incongruities in an alien’s narrative without first giving the applicant a chance to reconcile the testimony”). Moreover, the agency properly found that the letter from Hoxhaj’s parents omitted his assertion that a gun was involved in the September 2004 incident. See Surinder Singh, 438 F.3d at 148.
Under the REAL ID Act, a trier of fact may base a credibility determination on the totality of the circumstances, “without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant’s claim, or any other relevant factor.” 8 U.S.C. § 1158(b)(l)(b)(iii) (parentheticals omitted). Thus, despite Hoxhaj’s arguments to the contrary, the agency was entitled to rely on the inconsistencies and omissions it identified to find that Hoxhaj was not credible. See id.; Xiu Xia Lin v. Mukasey, 534 F.3d 162, 163 (2d Cir.2008). As Hoxhaj has not shown that a reasonable adjudicator would have been compelled to conclude contrary to the agency’s findings, we are unable to conclude that the agency’s adverse credibility determination was erroneous. See 8 U.S.C. § 1252(b)(4)(B). Because the only evidence of a threat to Hoxhaj’s life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for asylum, withholding of removal, and CAT relief, where all of his claims were based on the same factual predicate. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
*439 For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).